**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RICHARD HILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-21-1208-SLP |
| ) | |
| SCOTT NUNN, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

In this habeas corpus action brought pursuant to 28 U.S.C. § 2254, Petitioner, appearing pro se, challenges his numerous state court convictions in the State of Oklahoma in the 1980s. Before the Court is Magistrate Judge Gary M. Purcell's Report and Recommendation [Doc. No. 7] (R&R). Judge Purcell recommends dismissal of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the District Courts. Judge Purcell finds the Petition is untimely pursuant to 28 U.S.C. § 2244(d)(1)(A) and (C).

Petitioner has filed an objection to the R&R. *See* Obj. [Doc. No. 8]. The Court, therefore, must make a de novo determination of the portions of the R&R to which specific objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner argues the statute of limitations period under 28 U.S.C. § 2244(d) does not apply because he brings a jurisdictional challenge to his Oklahoma state-court convictions under *McGirt v. Oklahoma*, -- U.S. --, 140 S.Ct. 2452 (2020). He further argues statutory tolling renders his Petition timely filed. *See* 28 U.S.C. § 2244(d)(2).

On de novo review, the Court concurs with the analysis set forth in the R&R. As the Magistrate Judge found, Petitioner's claims are untimely under § 2244(d)(1)(A) as his convictions became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act (AEDA) and, therefore, his limitations period expired one year after the effective date of the AEDPA or on April 24, 1997. R&R at 6. The instant Petition, filed December 30, 2021, is untimely by over twenty-four years.

Moreover, the *McGirt* decision did not recognize a new constitutional right. Accordingly, Petitioner cannot rely on § 2244(d)(1)(C) as the triggering date for the statue of limitations. R&R at 6-10; *see also Jones v. Pettigrew*, No. CIV-18-633-G, 2021 WL 3854755, at *3 (W.D. Okla. Aug. 27, 2021) ("Courts in this Circuit . . . have rejected the proposition that the date of the *McGirt* decision should be used as the commencement date under § 2244(d)(1)(C) for habeas challenges to state-court jurisdiction." (citing *Littlejohn v. Crow*, No. 18-CV-477-CVE-JFJ, 2021 WL 3074171 at *5 (N.D. Okla. July 20, 2021)); *Sanders v. Pettigrew*, No. CIV-20-350-RAW-KEW, 2021 WL 3291792, at *5 (E.D. Okla. Aug. 2, 2021) (concluding that *McGirt* "did not break any new ground" or "recognize a new constitutional right, much less a retroactive one").

To the extent Petitioner argues AEDPA's statute of limitations does not apply because the state court lacked jurisdiction, that argument lacks merit. "'As with any other habeas claim,' . . . § 2254 claims predicated on the convicting court's lack of jurisdiction are 'subject to dismissal for untimeliness.'" *Jones*, 2021 WL 3854755, at *3 (quoting *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011)); *see also Cole v. Pettigrew*, 2021 WL 1535364, at *2 n.4 (N.D. Okla. Apr. 19, 2021) ("Regardless of whether Cole can

raise a challenge to the trial court's subject-matter jurisdiction in state court, free of any time limitations, the plain language of § 2244(d)(1)'s one-year statute of limitations makes no exception for claims challenging subject-matter jurisdiction.").

Petitioner's argument that he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) because Oklahoma permits a post-conviction jurisdictional challenge to be raised at "any time" is also unavailing. As the Magistrate Judge found, Petitioner is not entitled to statutory tolling based on his June 3, 2021 state post-conviction application because the one-year limitations period had already expired. R&R at 10-11.

Finally, Petitioner raises no grounds upon which to find either equitable tolling or the actual innocence exception applies. And Petitioner has not raised any such challenges in his objection to the Magistrate Judge's findings regarding the same. Thus, having conducted a de novo review, the Court fully concurs with the findings and recommendations of the Magistrate Judge that the Petition should be dismissed as untimely.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 7] is ADOPTED and the Petition [Doc. No. 1] is DISMISSED as untimely.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). When the district court dismisses a habeas petition on procedural grounds, the petitioner must make this showing by demonstrating both "[1] that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not debate the correctness of the Court's determinations that the Petition is time-barred and that Petitioner has not demonstrated any circumstances excusing the untimeliness of his Petition. The Court therefore denies a COA.

IT IS SO ORDERED this 28th day of February, 2022.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE